## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue, N.W. | ) | |
| Washington, DC 20530, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. ("Judicial Watch") brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.  1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.     Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests

records from federal agencies, analyzes the responses it receives, and disseminates its findings to the American public to inform them about "what their government is up to."

4.       Defendant U.S. Department of Justice is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.       On July 26, 2021, Plaintiff sent a FOIA request to the U.S. Department of Justice's Voting Section of the Civil Rights Division, via U.S. Mail and email, seeking access to the following:

> All documents and communications between (1) the U.S. Department of Justice Civil Rights Division, or any of their officers, employees, members, agents, or affiliates, and (2) any of the following people and organizations, including any of their officers, members, agents, parent organizations, affiliated entities, branches, subordinate organizations, or chapters, concerning the U.S. Department of Justice's Voting Rights Act Section 2 lawsuit against the State of Georgia, *et al*., in the Northern District of Georgia, Civ. No. 21-2575:

> ACLU Foundation of Georgia, American Civil Liberties Union, League of Women Voters, Brennan Center for Justice, Lawyers Committee for Civil Rights Under Law, Common Cause, NAACP, Georgia State Conference of the NAACP, Campaign Legal Center, Fair Fight, Fair Fight Action, Stacy Abrams, Perkins Coie LLP, Marc Elias.

6.       On July 28, 2021, the U.S. Department of Justice acknowledged receipt of the request on July 26, 2021, advised Plaintiff that the request had been assigned tracking number 21-00263-F, and asserted that it was invoking FOIA's 10-day extension of time provision due to "unusual circumstances."

7.      As of the date of this Complaint, the U.S. Department of Justice has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8.      Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.      Defendant is in violation of FOIA.

10.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11.     Plaintiff has no adequate remedy at law.

12.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by September 7, 2021 at the latest.  Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court:  (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  September 15, 2021                    Respectfully submitted,

                                              */s/ Eric W. Lee*
                                              Eric W. Lee
                                              D.C. Bar No. 1049158
                                              JUDICIAL WATCH, INC.
                                              425 Third Street SW, Suite 800
                                              Washington, DC 20024
                                              Tel: (202) 646-0008
                                              Fax: (202) 646-5199
                                              Email: elee@judicialwatch.org

                                              *Attorney for Plaintiff*